UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VIDYA SAGAR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1058 (RDM) |
| | ) | |
| **JACOB LEW,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's request, pursuant to Rule 56(d), to take discovery prior to responding to Defendant's Motion to Dismiss and for Summary Judgment. *See* Dkt. 34 (Rule 56(d) declaration); Dkt. 20 (Defendant's dispositive motion). For the reasons stated below, the request pursuant to Rule 56(d) is **GRANTED** and the currently effective stay of discovery in this action is lifted. Additionally, to clarify the scope of the issues in this case and to facilitate efficient resolution of Defendant's dispositive motion, Defendant's Motion for Leave to Amend is **GRANTED.** These rulings moot several pending procedural motions, which are **DENIED** as stated at the conclusion of this Order.

**I.      Plaintiff's Rule 56(d) Request**

Plaintiff's lawsuit, which he is pursuing *pro se*, alleges that he was discriminated against on the basis of age and unlawfully terminated by the Treasury Department, where he worked as a senior information technology specialist from 2010 to 2011. Dkt. 1. Plaintiff has moved for leave to file an amended complaint that alleges age discrimination; "violation of Department and

Federal" rules in connection with Plaintiff's termination; retaliation; and harassment. Dkt. 13-3 ¶ 90. Defendant moved to dismiss under Rule 12 and for summary judgment under Rule 56. Dkt. 20. That motion attaches a statement of undisputed facts (Dkt. 20-12) and ten evidentiary exhibits. According to Defendant's representations at the February 20, 2015 status conference, the Court can resolve all but one of the defenses raised in the dispositive motion on the pleadings; at this juncture, Defendant seeks summary judgment only on Plaintiff's age discrimination claim.

Pursuant to the scheduling order entered by Judge Cooper on November 19, 2014, discovery began on December 12, 2014, and the close of discovery was scheduled for May 18, 2015. Plaintiff propounded discovery requests during this period; however, rather than respond to those requests, Defendant moved to vacate the scheduling order and for a stay discovery pending resolution of the dispositive motion. *See* Dkt. 16; Dkt. 27. In light of the fact that Defendant sought partial summary judgment, the Court provided Plaintiff with the opportunity to file an affidavit documenting any need for discovery in order to respond to Defendant's dispositive motion. *See* Feb. 20, 2015 Minute Order. It also stayed discovery until Plaintiff's request pursuant to Rule 56(d) was adjudicated.

The parties have completed briefing on Plaintiff's request pursuant to Rule 56(d), and the Court will grant the request. As the Court of Appeals for this Circuit has stated, a "motion requesting time for additional discovery [under Rule 56(d)] should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995)). This is because "summary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" *Convertino*, 684 F.3d at 99 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). Here, by

moving for summary judgment on at least one of Plaintiff's claims and attaching evidence concerning Plaintiff's job performance and the process through which he was terminated, Defendant has put a broad range of factual questions in issue.  *See* Dkt. 20 at 20-21 (arguing that Plaintiff was terminated because he "would not acknowledge his shortcomings" and did not "believe[] that it was necessary to make changes in his approach to his job at his and his co-workers," and citing instances of allegedly unprofessional conduct).  It would be unfair to require Plaintiff to oppose Defendant's summary judgment motion without any opportunity for discovery.  Had Defendant responded to Plaintiff's discovery requests when they were first propounded, moreover, additional time to prepare Plaintiff's response to the summary judgment motion may not have been necessary.

Defendant's critiques of Plaintiff's request for relief under Rule 56(d) do not justify denial of an opportunity to conduct discovery.  Defendant asserts that Plaintiff has failed to "identify the specific discovery responses he requires in order to respond" to Defendant's summary judgment motion.  Dkt. 37 at 2.  Although Plaintiff's submission may not satisfy the standards of clarity and precision to which represented parties are normally held, the Court concludes that he has reasonably identified factual issues on which discovery may aid his effort to withstand summary judgment.  For example, Plaintiff appears to seek some information to clarify which employees at the Treasury Department had supervisory authority over Plaintiff at different points during his tenure there, as well an information relating to "performance appraisal reports" that may bear on the propriety of his termination.  Dkt. 34-1 at 3-4.[1]  And Plaintiff attached to his Rule 56(d) declaration the discovery requests he has already propounded, which

---

[1]  Even if Plaintiff had not satisfied the formal requirements for relief under Rule 56(d), it would be within the Court's discretion to extend his time to respond to the motion for summary judgment as an exercise of the district court's "power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997).

3

specifically identify at least some of the discovery he will seek.  *See* Dkt. 34, Exs. 5-13.

Although Rule 56(d) itself does not limit the scope of discovery, under some circumstances it is appropriate to stay discovery on claims that a defendant has moved to dismiss under Rule 12, *see, e.g.*, *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001), or to permit only limited discovery targeted at the specific facts that are material to the motion for summary judgment, *see, e.g.*, *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 880 F. Supp. 2d 36, 47 (D.D.C. 2012) (granting relief under Rule 56(d) in part and authorizing "focused discovery" on issue relevant to summary judgment motion).  Here, Defendant has moved to dismiss all of Plaintiff's claims other than his age discrimination count, and the Court has therefore considered whether limiting the scope of discovery to information relevant to that count would be appropriate.  It concludes that no limitation on the scope of discovery would serve the interest of efficiency, for three reasons.  First, the subject matter of Plaintiff's claims overlaps significantly—it is unlikely that there is a great deal of discovery that would be inappropriate if the scope of discovery were limited by the Court to issues potentially raised by Defendant's motion for summary judgment.  Second, and relatedly, limiting the scope of discovery now would create the potential for duplicative discovery should Plaintiff's additional claims survive the motion to dismiss.  Finally, the Court does not anticipate that full discovery in this case will be especially substantial.  In particular, the Court finds it is appropriate to set a presumptive limit to the number of depositions to five (5) per party.  Any party that wishes to conduct depositions in excess of that limit shall meet and confer with the opposing party and, if they are unable to agree, schedule a conference call with the Court pursuant to the procedure set out in the Court's March 23, 2015 Minute Order.  The parties might also discuss whether depositions taken in the administrative proceeding may be used in this case, thus obviating the need for duplicative discovery.

The Court will therefore lift the current stay of discovery in this Order. As a result, both Plaintiff and Defendant will be free to propound and entitled to responses to discovery requests. Of course, Defendant's responses to the requests Plaintiff has already propounded may raise legitimate objections to some or all of those requests, in which case the parties must meet and confer in an effort to resolve any disagreements in good faith.[2]

## II. Plaintiff's Motion for Leave to Amend

Plaintiff filed a motion for leave to amend his complaint on November 25, 2014. Dkt. 13. Defendant consolidated his opposition to the motion for leave to amend with his dispositive motion. *See* Dkt. 20 at 11. Under Rule 15, "the grant or denial of an opportunity to amend is within the discretion of the District Court," but "leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15). Here, because Defendant's dispositive motion is combined with his opposition to Plaintiff's motion for leave to amend and seeks dismissal of claims in the proposed amended complaint as though it has already been filed, the Court will grant leave to amend and "afford[] Plaintiff an opportunity to test his claim[s] on the merits." *Id.*; *see* Dkt. 20 at 5 (seeking dismissal "under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)"). The Court concludes that addressing these merits arguments in a single order resolving Defendant's dispositive motion will promote the efficient and orderly management of this litigation. Therefore, without expressing an opinion on the defenses raised in the dispositive motion, the Court will grant the motion for leave to amend.

## III. Conclusion

For these reasons, Plaintiff's request pursuant to Federal Rule of Civil Procedure 56(d) and motion for leave to amend are **GRANTED**, and Plaintiff's amended complaint (Dkt. 13-3) is

---

[2] The parties shall address any discovery disputes according to the procedures set out in the Court's March 23, 2015 Minute Order.

5

deemed **FILED**. The pending stay of discovery is lifted. Plaintiff's time to respond to Defendant's dispositive motion is extended to July 16, 2015. Defendant shall file his reply in support of the dispositive motion on or before July 30, 2015. All fact discovery shall conclude on or before July 16, 2015. In light of these rulings, Defendant's motion to vacate scheduling order (Dkt. 16) and motion for extension of time to respond to Plaintiff's discovery (Dkt. 27) are **DENIED**. Plaintiff's motion for extension of time to respond to Defendant's dispositive motion (Dkt. 23) is **DENIED** as moot. Defendant's motion for extension of time to respond to Plaintiff's motion for leave to amend (Dkt. 15) is **DENIED** as moot. Plaintiff's motion for leave to file sur-replies regarding the motion for an extension of time to respond to Plaintiff's motion for leave to amend and the motion for stay of discovery (Dkt. 22) is **DENIED** as moot.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 17, 2015